UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-02465 JGB (KKx)** | Date | March 30, 2018 |
| Title | ***Sasha Hall v. Wells Fargo & Company, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order DISMISSING Action for Failure to Prosecute

On December 11, 2017, Plaintiff filed a complaint. ("Complaint," Dkt. No. 1.) On January 25, 2018, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. ("Motion to Dismiss," Dkt. No. 12.) Defendants noticed the hearing for February 26, 2018. Plaintiff did not file a timely opposition. On February 21, 2018, Plaintiff filed a motion to stay, although it is unclear whether she intended this to serve as her opposition. ("Motion to Stay," Dkt. No. 21.) On February 22, 2018, the Court granted Defendants' Motion to Dismiss and granted Plaintiff leave to amend the majority of her claims. ("February Order," Dkt. No. 20.) The Court directed Plaintiff to file an amended complaint no later than March 7, 2018. (Id. at 7.) To date, Plaintiff has not filed an amended complaint. On March 5, 2018, Defendants filed an opposition to Plaintiff's Motion to Stay. ("Opposition to Motion to Stay," Dkt. No. 23.) The Court denied the Motion to Stay on March 21, 2018. ("March Order," Dkt. No. 24.)

## I. DISCUSSION

In deciding whether to dismiss an action for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### A. Public's interest in expeditious resolution of litigation

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to file a timely opposition to the Motion to Dismiss in violation of Central District of California Local Rule 7-9. The Court granted the Motion to Dismiss and gave Plaintiff leave to amend the majority of her claims no later than March 7, 2018. However, to date, Plaintiff has not filed an amended complaint. The Court finds this factor weighs in favor of dismissal.

### B. Court's need to manage its docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," such as Plaintiff. Id. (citing Ferdik, 963 F.2d at 1261). Thus, the Court determines that this factor also favors dismissal.

### C. Risk of prejudice to defendants/respondents

"The law also presumes prejudice from unreasonable delay. The presumption may be rebutted . . ." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Because of Plaintiff's failure to file an amended complaint, the proceedings have been unnecessarily delayed. This too weighs in favor of dismissal.

### D. Availability of less drastic alternatives

The Court made clear in its February Order that failure to file an amended complaint would result in dismissal. (February Order at 7 ("Plaintiff must file an amended complaint, if any, no later than March 7, 2018. Failure to do so will result in dismissal of this action.") It does not seem that less drastic measures would be appropriate or effective.

### E. Public policy favoring disposition of cases on their merits

Lastly, "[p]ublic policy favors disposition of cases on the merits." Pagtalunan, 291 F.3d at 643. However, because Plaintiff has not filed an amended complaint, the Court cannot reach the merits of her claims. This factor also favors dismissal.

The Court, having considered all factors, finds that dismissal for failure to prosecute is warranted. See Ferdik, 963 F.2d at 1263 (finding dismissal was appropriate when three factors weighed in favor of such); Pagtalunan, 293 F.3d at 643 ("Three factors favor dismissal and two factors weigh against dismissal. This is a close case and, under these circumstances, we cannot say that the district court abused its discretion.").

## II. CONCLUSION

For the foregoing reasons, the Court DISMISSES the action and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**